UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEIZELMAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>BIDEN, et al.,<br><br>                    Defendants. | Case No.  1:24-cv-01140-HBK (PC)<br><br>ORDER TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS CASE AS FRIVOLOUS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 1, 2) |

Plaintiff Robert Heizelman, a state prisoner, initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on September 25, 2024. (Doc. No. 1, "Complaint"). On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes. The undersigned further recommends that instead of first affording Plaintiff the opportunity to pay the filing fee, the district court dismiss the Complaint because it is frivolous and lacks an arguable basis in fact or law.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

**BACKGROUND AND FACTS**

Heizelman's pleading is confusing and disjointed, but it appears he seeks to bring this action against the President of the United States, various federal agencies, the San Diego Police and Sheriff's Departments, unidentified San Diego Superior Court judges, several healthcare facilities, two fitness centers, and other businesses for following, harassing, threatening, falsely charging, and attempting to kill him because he has been trying to expose President Biden as a child molester.  (*See generally* Doc. No. 1).  Plaintiff alleges that the variously named Defendants' actions in confiscating and denying him his legal property, tapping and/or blocking his phone, censoring his protests, and destroying or falsifying evidence constitute a conspiracy to intimidate and "shut him up."  (*Id.*).  Plaintiff alleges this conspiracy is an attempt to deprive him of "all constitutional rights" and "life, liberty, and freedom."  (*Id.* at 4).  As relief, Heizelman seeks $100 million and punitive damages.  (*Id.* at 22).

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

**A. Applicable Three Strikes Law**

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought

unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted

in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

**B. Plaintiff Has Three or More Qualifying Strikes.**

A review of the PACER Database reveals that Plaintiff has filed 32 civil actions or appeals in a court of the United States.[2]  Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| July 11, 2023 | *Heizelman v. Biden, et al.*, No. 3:23-cv-01185-JES-AHG (S.D. Cal.) | Dismissed for failure to pay filing fees required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). |
| September 20, 2010 | *Heizelman, et al., v. Durham. et al.*, No. 3:10-cv-01560-BTM-WMC (S.D. Cal.) | Dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). |
| October 16, 2009 | *Heizelman v. Richardson, et al.*, No. 1:09-cv-00182-BLW (D. Idaho) | Dismissed by Initial Review Order for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Action dismissed on May 24, 2010. |
| December 11, 2007 | *Heizelman v. Martin, et al.*, No. 1:07-cv-00288-EJL (D. | Dismissed by Initial Review Order for failing to state a |

---

[2] http://pacer.uscourts.gov

| | | |
|---|---|---|
| | Idaho) | claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Amended complaint and action dismissed March 19, 2009. |

Plaintiff has previously been denied IFP status by other courts because of his three-striker status. *See*, *e.g.*, *Heizelman v. Biden*, *et al.*, No. 3:23-cv-00397-WQH-LR (S.D. Cal.). Each of the above dismissals was done at the screening stages by the district court after finding the operative complaint failed to state a claim and qualify as a strike under Ninth Circuit law for purposes of § 1915(g).

**C. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the Complaint, there are no facts that plausibly indicate Plaintiff was in imminent danger of serious physical injury at the time he filed the instant action. Plaintiff's Complaint, to the extent discernible, makes vague and conclusory claims that, at unspecified times in the past, unidentified federal agents sought to kill him for exposing Biden as a child molester and he believes this danger will continue. (*See generally* Doc. No. 1).

These types of "[o]verly speculative," "fanciful," "ridiculous," and facially delusional assertions do not warrant an exception under section 1915(g). *See Andrews*, 493 F.3d at 1057 n.11 (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts … deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."); *Martin v. Shelton*, 319 F.3d 1048, 1048 (8th Cir. 2003) (declining to find imminent danger exception based on "conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme [weather] conditions.")); *see also Holz v. McFadden*, 2010 WL 3069745, at *3 (C.D. Cal. May 21, 2010) ("Merely alleging that the government is going to murder you is not enough to pass through the [imminent danger] gateway."); *In re Gonzales*, 2008 WL 666465, at *1–2 (N.D. Cal. March 6, 2008) (finding prisoner's allegations of genetic experimentation, food poisoning, radiation, governmental monitoring, and a "campaign to kill him" too implausible and

5

1  delusional to meet § 1915(g)'s exception for imminent danger); *Sierra v. Woodford*, 2010 WL
2  1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding
3  a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced
4  an "ongoing danger" as required by *Andrews*).  Accordingly, Plaintiff does not satisfy either
5  prong of the nexus test set forth above and therefore cannot proceed IFP.

## SCREENING PURSUANT TO 28 U.S.C. § 1915A

Finally, while section 1915(g) "concerns only a threshold procedural question—whether the filing fee must be paid upfront or later," *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015) (citing *Andrews*, 493 F.3d at 1055), a wholly "[s]eparate PLRA provision[] [is] directed at screening out meritless suits early on." *Id.* (citing 28 U.S.C. § 1915A(b)).  Section 1915A provides that a federal district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017).  "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted).

Here, regardless of whether Heizelman could pay the full civil filing fee required by 28 U.S.C. § 1914(a), or was eligible to proceed IFP, his Complaint is frivolous and independently subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) both because it asserts "'fanciful,' 'fantastic,' [or] delusional'" factual allegations, *see Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 328 (1989)), and because it appears duplicative of another civil rights complaint he filed in the Southern District of California on June 20, 2023.  *See Heizelman v. Biden, et al.*, Civil Case No. 3:23-cv-01185-JES-AHG (S.D. Cal.) ("*Biden I*").  A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103,

1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

In *Biden I*, Plaintiff also claimed federal agencies followed and harassed him, blocked and tapped his phone calls, and attempted to poison him.  (S. D. Cal. Civil Case No. 3:23-cv-01185-JES-AHG ["*Biden I*"]: Doc. No. 1 at 6-18).  As he does in this case, Heizelman also claimed that unidentified federal agents brought false charges against him to intimidate and hurt him because of his claims that President Biden was a child molester.  (*See id.;* Doc. No. 1 at 15-21).  Thus, because Heizelman's current Complaint attempts to revive the same facially implausible, fanciful, and seemingly delusional claims alleged against several of the same parties as in *Biden I*, this later-filed case must also be dismissed *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Adams*, 487 F.3d at 688–89; *Denton*, 514 U.S. at 33; *Nordstrom*, 762 F.3d at 907 n.1.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2. Plaintiff's Complaint (Doc. No. 1) be dismissed with prejudice under § 1915 (e)(2)(B)(i), (ii) as frivolous and lacking an arguable basis in law or fact and/or for failing to state a claim.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     October 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE